GAIUS ALVORD *versus* ZEBINA SMITH and RALPH
MORGAN.

By articles of copartnership it was agreed, that any partner might assign his share
   of the stock by a certificate in writing, which when lodged with the clerk of the
   company should entitle the assignee to all the privileges and subject him to all the
   liabilities of an original partner. *Held,* that an assignment without such certifi-
   cate would nevertheless transfer the property.
The assignor of a share, in an action against the assignee, declares that in considera-
   tion of the assignment, the assignee promised to pay all arrearages due on the
   share, but proves a promise to pay the arrearages and also what he had paid to
   the company. *Held,* that the variance was not material, being injurious to the
   plaintiff alone.
A partner sold his share to two individuals, and afterwards, at their joint request,
   made his certificate to one of them. *Held,* that the certificate was not the sale,
   nor the essential evidence of it, and that parol evidence was admissible to show
   that the sale was made to both.

ASSUMPSIT.   The plaintiff alleges, that on the 1st of De-
cember, 1818, he was the owner of one share or sixteenth
part of a distillery and its appurtenances, in common with
Smith and others, and that in consideration that he would sell
his share to Smith and Morgan, they promised to pay him
therefor the sum of 100 dollars, and also to satisfy and dis-
charge any arrearages which were then or might thereafter be-
come due from him, as one of the proprietors, to Smith and
others, his co-proprietors ; that relying on this promise he
then sold to Smith and Morgan his share, and thereupon they
entered into the possession thereof, and thenceforward occu-
pied and enjoyed the same as their own property, and so
continued in due occupation and enjoyment thereof until the
5th of March following, when at the request of Smith and
Morgan the plaintiff made his certain certificate in writing
acknowledging the sale of all his right and title in the distille-
ry, land and buildings connected therewith, to Morgan, and
filed the same certificate with Smith, clerk of the proprietors,
and thenceforward the property so sold has been used, occu-
pied and enjoyed by Smith and Morgan, one or both of them,
without interruption on the part of the plaintiff ; nevertheless,
though requested, Smith and Morgan have never discharged
**233**     the arrearages due from the plaintiff, but he has been compelled

himself to pay the same, amounting to a large sum, viz. 250 dollars, and has also been subjected to costs and expenditures, in attempting to defend himself against suits at law brought for the recovery thereof, amounting to 100 dollars.

In another count the plaintiff avers, that on the 1st of December, 1818, Smith and Morgan promised, among other things, to discharge the arrearages, and that relying on their promise he then sold them his share, and they with his permission entered into possession thereof and enjoyed the same without interruption ; nevertheless, though requested, they have never discharged the arrearages, but the plaintiff has been himself compelled to pay the same, amounting to a large sum, viz. 250 dollars.

On the trial, before *Wilde* J., it appeared, that Alvord, Smith, and several other persons, formed an association in 1817, by an agreement under seal, for the purpose of setting up and carrying on a distillery.  One of the articles of the agreement was as follows : — " Each member may sell and assign his share or shares of the stock by a certificate in writing signed by himself, which certificate, when lodged with the clerk for the time being, shall from thence entitle the assignee to all the rights and privileges and subject him to all the liabilities of an original subscriber."  The plaintiff proved, that in December 1818, or January 1819, the two defendants agreed with him for the purchase of his share ; that he was to give them a certificate, and they were to pay him the amount he had already paid towards the expenses of the company, and to pay to the company the arrearages still due and unpaid on his share, and for which he was liable.  No certificate however was then given, but in March following the plaintiff made his certificate in writing, which was recorded by the clerk, of a sale to Morgan alone, and there was evidence to show that this was done in pursuance of an arrangement made by and between the two defendants.  This evidence was objected to as not comporting with the averments in either count, and as having the effect to explain and vary a written instrument by parol evidence ; but it was admitted.  And the breach of a contract not being denied, the jury were instructed, that if the sale of the share was completed at the

Alvord
*v.*
Smith.

234

237

time of the first agreement, independent of the certificate, or was consummated by the certificate, and the certificate was made to Morgan alone with the consent of both Smith and Morgan, they should find for the plaintiff. To this admission and instruction the defendants excepted ; and a verdict being returned for the plaintiff, they moved for a new trial.

*Sept. 24th.*    *Ashmun*, in support of the motion. The plaintiff's allega-tions and his proof do not coincide. He alleges a promise to pay 100 dollars and all arrearages. The proof is of a promise to pay what he had paid ; which indeed turned out to be 100 dollars. He also alleges a sale to Smith and Morgan, but he proves a sale to Morgan alone. There was no trans-mutation of the property to the two ; which is necessary to constitute a sale. Long on Sales, 1 ; 2 Bl. Comm. 446. The sale was not completed at the time of the first transac-tion, for the plaintiff could not transfer his interest in the real estate, stock in trade, &c., by a parol contract. Moreover, it was an agreement of the company, that an assignment should be made by a certificate in writing.

The written contract shows that the share belonged to Morgan alone, and parol evidence that Smith was a joint owner was therefore inadmissible. *Dwight* v. *Pomeroy*, 17 Mass. R. 303 ; *Stackpole* v. *Arnold*, 11 Mass. R. 27. Where a party relies on a variance from the written contract by permission of the other party, he should set out what he has done, and why he has varied from the strict terms of the contract. *Littler* v. *Holland*, 3 T. R. 590 ; *Philips* v. *Rose*, 8 Johns. R. 306.

*Strong* and *Doolittle*, *contrà*, said that the proof corre-sponded with the first count, but that they were willing to rely on the other, which makes no mention of the certificate.

The opinion of the Court was drawn up by

PARKER C. J. The evidence proves a sale from the plaintiff to the defendants of the share in the distillery. It is an interest in a copartnership and may be transferred without deed, it not appearing in the case that there was any disposi-tion of real estate. This interest may be disposed of by contract of sale between the parties, and an actual enjoyment by the purchaser of the business and profits, without any

<div style="text-align: right">Alvorn
*v.*
Smith</div>

further ceremony.[1]  We think the certificate not material to the sale, for although by the articles of association it is provided that certificates should be made, and filed by the clerk, yet this is for the convenience of the company, and the omission o  it cannot prevent the right of an owner to sell his interest.   But even if a certificate were necessary to a sale, the giving of one to Morgan only at the request of the two, is a virtual compliance with the requisition, and is a sufficient execution of the contract of sale.   The certificate is not the sale nor the essential evidence of it.   The purchasers, according to the evidence, had the benefit of the contract without the certificate.   If Smith had sold his interest in the share to Morgan, and in consequence thereof it was agreed that the certificate should be delivered to Morgan only, this does not disprove a sale by the plaintiff to both of them, nor does the evidence which proves this fact vary from the sale as averred in the count.[2]

Nor do we think that the other variance suggested is fa'al. The count sets forth a promise to pay arrearages ; the evidence is of a promise to pay these and one hundred dollars. A proof of a promise beyond what is averred, but embracing that also, cannot prejudice the defendant.   It is not setting forth a different promise, but failing to set forth the whole, to the prejudice of the plaintiff only.   It is in this respect like an action of covenant, in which, though there are many covenants, the plaintiff may sue for the breach of one.   *Non constat* that the other branch of the promise has not been performed.   At any rate the plaintiff does not claim any thing on account of it.[3]

The objection that evidence of the facts upon which this opinion was founded was improperly admitted, cannot prevail. The contract was proved by parol evidence, and not by the

---

[1] But a stranger cannot be introduced into a firm as a partner, without the concurrence of the whole firm.   Collyer on Partn. 4, 647 ; *Kingman* v. *Spurr,* 7 Pick. 237, 238 ; *Bray* v. *Fremont,* 6 Madd. 5.   But it is said that assumpsit will lie for a breach of an agreement entered into by one of several partners to admit a stranger into the firm, for he is bound to procure the assent of his co-partners.   *M'Neill* v. *Reed,* 2 Moore & Scott, 89 ; *S. C.* 9 Bingh. 68.

[2] See *Kingman* v. *Spurr,* 7 Pick. 235 ; Collyer on Partn. 647.

[3] See 1 Stark. Ev. (5th Amer. ed ) 397 to 402.

<div style="margin-left:auto">Alvord<br>v.<br>Smith.</div>

certificate, which was only one of the terms of the sale.[1] The sale was made and completed in December or January. The delivery of the certificate was not essential between the parties to complete it. And if Smith had parted with all his right to Morgan after this sale, and in consequence requested the certificate to be given to Morgan, this transaction would not affect the contract with the two, unless it had been proved that the first sale had been rescinded and a second substituted; of which there appears to be no evidence.

<div style="text-align:right"><em>Judgment according to verdict.</em></div>

---

[1] See 1 Stark. Ev. (5th Amer. ed.) 440.